UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JC PICKETT, a minor child, KV PICKETT, a minor child, ANESSA PICKETT, an individual, IAN PICKETT and KHALIA PICKETT, husband and wife, both individually and on behalf of their minor children,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TEMPORARY HOUSING, INC., d/b/a CRS TEMPORARY HOUSING,<br><br>                    Defendant. | NO. 2:21-CV-0174-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT |

BEFORE THE COURT is Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 4). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 4) is **GRANTED in part**.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 1

**BACKGROUND**

This case concerns an insurance dispute that arose after a fire destroyed Plaintiffs' home.  *See* ECF No. 1.  On May 21, 2021, Plaintiffs filed the complaint against Defendant.  ECF No. 1.  The complaint raises the following causes of action: (1) violation of duty of good faith, (2) negligent claims handling, (3) violation of Washington Consumer Protection Act ("CPA") pursuant to RCW 19.86.090, (3) CPA injunction, and (4) constructive fraud.  ECF No. 1 at 6-9, ¶¶ 27-55.

On June 14, 2021, Defendant filed the present motion.  ECF No. 4.  The parties timely filed their respective response and reply.  ECF Nos. 6-7.  Defendant moves to "dismiss the complaint entirely, or at least the fraud claims."  ECF No. 4 at 5.  Defendant only substantively addresses Plaintiffs' constructive fraud claim.  *See* ECF Nos. 4, 7.  The Court notes that dismissal of the entire complaint is not warranted under these circumstances because the Court declines to address Plaintiffs' other causes of action that are not briefed.

The following facts are drawn from Plaintiffs' complaint and are accepted as true for the purposes of the present motion.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## FACTS

On August 11, 2018, Plaintiffs lost their home to a fire in Kettle Falls, Washington.  ECF No. 1 at 3, ¶¶ 8, 10.  Plaintiffs' home was destroyed and unlivable.  ECF No. 1 at 3-4, ¶ 15-16.  Plaintiffs paid insurance premiums to receive coverage for their home and personal property through a policy issued by third-party Liberty Mutual Insurance Company.  ECF No. 1 at 3, ¶ 9.  The policy included the benefit of additional living expenses ("ALE") following a covered loss.  ECF No. 1 at 3, ¶ 11.  Liberty Mutual assigned Defendant to Plaintiffs' ALE loss, giving Defendant the responsibility to research and provide appropriate ALE benefits to Plaintiffs.  ECF No. 1 at 3-4, ¶¶ 13, 17.  Defendant is an adjuster and is charged with the duties and responsibilities of an adjuster under Washington law.  ECF No. 1 at 3, ¶ 14.  Plaintiffs' ALE loss concerned temporary housing and related benefits necessary to maintain their standard of living.  ECF No. 1 at 3, ¶ 12.

Liberty Mutual paid for Plaintiffs to stay in various hotels and a trailer for a short period of time, neither of which provided the standard of living Plaintiffs were promised.  ECF No. 1 at 4, ¶ 18.  Liberty Mutual terminated Plaintiffs ALE benefits after twelve months despite there being no ALE coverage limit and a policy that provided a period of repair, restoration, or permanent relocation.  ECF

No. 1 at 4, ¶ 19.  Plaintiffs had to relocate out of Washington State to live with family.  ECF No. 1 at 4, ¶ 20.

During these events, Defendant (1) failed to explain to Plaintiffs their ALE rights and benefits under the policy, (2) failed to perform a full or fair investigation into Plaintiffs' standard of living, and (3) failed to perform a full and fair investigation into all alternative housing options available to maintain Plaintiffs' standard of living.  ECF No. 1 at 4, ¶¶ 21-23.  Defendant negligently or intentionally failed to explain the full ALE benefits covered under the policy, including that Defendant (1) failed to inform Plaintiffs of their rights and benefits under the policy, (2) never investigated the needs of the Plaintiff children, (3) never treated the Plaintiff children as insureds, (4) never familiarized itself with the available temporary housing options in the vicinity of Plaintiffs' home, (5) never sent anyone to meet with Plaintiffs, (6) failed to explore the purchase of a temporary home, (7) failed to schedule motel stays for more than a week which necessitated multiple moves for the family, (8) never responded appropriately to Plaintiffs' expressions of distress when forced to live in unsatisfactory conditions, (9) shamed Plaintiffs into believing they were not entitled to a standard of living comparable to that which existed pre-loss, (10) promised a winterized trailer but provided one that was too small and not winterized, and (11) contended that it was

Plaintiffs' obligation to perform the full and fair investigation into the material components of Plaintiffs' ALE claim.  ECF No. 1 at 5-6, ¶ 24.

## DISCUSSION

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted."  "The burden of demonstrating that no claim has been stated is upon the movant."  *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).  A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The burden of demonstrating that no claim has been stated is upon the movant."  *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the

elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Generally, "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted). However, a complaint must "state with particularity the circumstances constituting fraud or mistake," though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy the heightened pleading standard for fraud, a complaint must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotation marks and citation omitted).

//

//

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 6

### B. Constructive Fraud

Defendant moves to dismiss Plaintiffs' constructive fraud claim on the grounds that the allegations fail to the meet the heightened pleading standard under Rule 9(b). ECF No. 4 at 3-5. Plaintiffs distinguish between claims for fraud and constructive fraud, arguing that the allegations support a claim for the latter. ECF No. 6 at 5-8.

Under Washington law, constructive fraud is "[c]onduct that is not actually fraudulent but has all the actual consequences and legal effects of actual fraud." *Green v. McAllister*, 103 Wash. App. 452, 467-68 (2000), *superseded by statute on other grounds as stated in McLelland v. Paxton*, 11 Wash. App. 181, 221-22 (2019) (internal citation omitted). Constructive fraud is defined as a "failure to perform an obligation, not by an honest mistake, but by some 'interested or sinister motive.'" *Id.* at 468 (internal citation omitted). "Washington law is not well developed as to the claim of constructive fraud, but courts appear to agree that a plaintiff must allege (1) an interested or sinister motive and (2) a fiduciary or quasi-fiduciary relationship between the parties." *Singleton v. Nationwide Ins. Co. of Am.*, No. C20-5688 BHS, 2020 WL 6287124, at *2 (W.D. Wash. Oct. 27, 2020) (collecting cases).

In 2019, the Ninth Circuit clarified that a constructive fraud claim is subject to Rule 9(b)'s particularity requirement if the claim is "grounded in fraud,"

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 7

including where a plaintiff alleges a "unified course of fraudulent conduct." *Depot, Inv. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668, n.17 (9th Cir.), *cert. denied*, 140 S. Ct. 223 (2019) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).

Here, Plaintiff's constructive fraud claim is as follows: (1) "Defendant owed plaintiffs a quasi-fiduciary duty[;] (2) "The acts described above constitute a breach of that duty[;]" (3) Plaintiffs experienced damage as a proximate result[;]" and (4) "Plaintiffs are entitled to recover reasonable attorney fees for defendant's constructive fraud." ECF No. 1 at 9, §§ 52-55. The acts referenced include allegations that Defendant made intentional and negligent misrepresentations related to Plaintiffs' ALE coverage. *See* ECF No. 1 at 5-6, ¶ 24. Based on these alleged misrepresentations, the Court finds that the claim is "grounded in fraud" and is subject to Rule 9(b)'s heightened pleading requirement. Plaintiffs' claims fail to meet the particularity requirement because they fail to describe the who, what, when, where, how, and why of the misconduct. *See* ECF No. 1 at 5-6, ¶ 24. For example, Plaintiffs fail to allege dates and places for when specific misconduct occurred. Fed. R. Civ. P. 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading."). Because Plaintiffs fail to state their constructive fraud claim with any particularity, the claim is insufficient as pled.

1       Even if the heightened pleading standard were not required, the Court finds

2  that Plaintiffs failed to allege a *prima facie* case of constructive fraud.  In briefing,

3  Plaintiffs assert that "a jury could easily find that [Defendant's] conduct and

4  failures were motivated by an effort to save Liberty Mutual money on the Pickett

5  claim and/or to maintain a business relationship with the insurer for its own

6  financial benefit."  ECF No. 6 at 8.  However, the complaint is devoid of these

7  allegations and devoid of any other facts asserting that Defendant had an

8  "interested or sinister motive" to support a constructive fraud claim.  *Green*, 103

9  Wash. App. at 468.  Therefore, Plaintiffs' constructive fraud claim must be

10  dismissed.

11       **C.  Leave to Amend**

12       Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice

13  so requires."  "This policy is to be applied with extreme liberality."  *Eminence*

14  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation

15  and quotation marks omitted).  However, a court may deny leave to amend "due to

16  undue delay, bad faith or dilatory motive on the part of the movant, repeated

17  failure to cure deficiencies by amendments previously allowed, undue prejudice to

18  the opposing party…, and futility of amendment."  *Zucco Partners, LLC v.*

19  *Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal citation and quotation

20  marks omitted).  Federal Rule of Civil Procedure 15(a) governs amendment of the

pleadings prior to the court's filing of a pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

Here, Rule 15(a) applies where the Court has yet to file a pretrial scheduling order in this case.  As this case is in its early stages, the Court finds that justice requires that Plaintiffs be able to freely amend their complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 4) is **GRANTED in part**.  Count Four for Constructive Fraud is **DISMISSED**.

2.  Plaintiffs are granted leave to **AMEND** their complaint **within 21 days** of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED August 3, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 10