UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JC PICKETT, a minor child, KV PICKETT, a minor child, ANESSA PICKETT, an individual, IAN PICKETT and KHALIA PICKETT, husband and wife, both individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPORARY HOUSING, INC., d/b/a CRS TEMPORARY HOUSING,<br><br>Defendant. | NO. 2:21-CV-0174-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 11). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED in part**.

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 1

# BACKGROUND

This case concerns an insurance dispute that arose after a fire destroyed Plaintiffs' home. *See* ECF No. 9. On May 21, 2021, Plaintiffs filed a complaint against Defendant. ECF No. 1. On August 3, 2021, the Court granted Defendant's motion to dismiss Plaintiffs' constructive fraud claim and granted Plaintiffs leave to amend their complaint within 21 days. ECF No. 8.

On August 24, 2021 Plaintiffs filed an amended complaint. ECF No. 9. The amended complaint raises the following causes of action: (1) violation of duty of good faith, (2) negligent claims handling, (3) violation of the Washington Consumer Protection Act ("CPA") pursuant to RCW 19.86.090, (3) CPA injunction, and (4) constructive fraud. ECF No. 9 at 7-10, ¶¶ 28-57.

On September 7, 2021, Defendant filed the present motion to dismiss, seeking to dismiss all of Plaintiffs' claims. ECF No. 11. The parties timely filed their respective response and reply. ECF Nos. 13, 15.

# FACTS

The following facts are drawn from Plaintiffs' amended complaint and are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

On August 11, 2018, Plaintiffs lost their home to a fire in Kettle Falls, Washington. ECF No. 9 at 3, ¶¶ 8-10. Plaintiffs' home was destroyed and as a

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 2

result, they suffered a total loss due to the fire. ECF No. 9 at 3, ¶ 12-13. Plaintiffs paid insurance premiums to receive coverage for their home and personal property through a policy issued by third-party Liberty Mutual Insurance Company. ECF No. 9 at 3, ¶ 9. The policy included the benefit of additional living expenses ("ALE") following a covered loss. ECF No. 9 at 3, ¶ 11.

Liberty Mutual hired Defendant to "assist" Plaintiffs with providing ALE benefits. ECF No. 9 at 3, ¶ 14. Pursuant to an agreement, Liberty Mutual incentivizes Defendant to pay as little as possible on ALE claims to maintain and support the business and income Defendant receives from Liberty Mutual. ECF No. 9 at 4, ¶ 22. Defendant did not disclose the details of its business relationship or financial interest with Plaintiffs. ECF No. 9 at 4, ¶ 23. Defendant was motivated by its own financial interest to keep payment of ALE benefits as low as possible to the detriment of Plaintiffs. ECF No. 9 at 5, ¶ 24.

Liberty Mutual paid for Plaintiffs to stay in various hotels and a trailer for a short period of time, neither of which provided the standard of living Plaintiffs were promised. ECF No. 9 at 3, ¶ 15. Liberty Mutual terminated Plaintiffs' ALE benefits after twelve months despite there being no ALE coverage limit and a policy that provided a period of repair, restoration, or permanent relocation. ECF No. 9 at 4, ¶ 16. Plaintiffs had to relocate out of Washington State to live with family. ECF No. 9 at 4, ¶ 17.

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 3

During the year following Plaintiffs' loss, Defendant (1) failed to explain to Plaintiffs their ALE rights and benefits under the policy, (2) did not tell Plaintiffs that their ALE coverage permitted them to purchase a home to live in during the course of repairs given the limited rental market in the area, (3) failed to perform a full or fair investigation into Plaintiffs' standard of living, and (4) failed to perform a full and fair investigation into all alternative housing options available to maintain Plaintiffs' standard of living in their geographical location.  ECF No. 9 at 4, ¶¶ 18-21.

During the year following Plaintiffs' loss, Defendant negligently or intentionally failed to explain or provide a full measure of the ALE benefits covered under the policy, including that Defendant (1) failed to inform Plaintiffs of their rights and benefits under the policy, (2) never investigated the needs of the Plaintiff children, (3) never treated the Plaintiff children as insureds, (4) never familiarized itself with the available temporary housing options in the vicinity of Plaintiffs' home, (5) never sent anyone to meet with Plaintiffs, (6) failed to explore the purchase of a temporary home, (7) failed to schedule motel stays for more than a week which necessitated multiple moves for the family, (8) never responded appropriately to Plaintiffs' expressions of distress when forced to live in unsatisfactory conditions, (9) shamed Plaintiffs into believing they were not entitled to a standard of living comparable to that which existed pre-loss, (10)

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 4

suggested a "travel trailer" be brought to the property and that this was the "only option" that could keep the family together in their school district, (11) promised a winterized trailer but provided one from Arizona that was too small and not winterized, and (12) contended that it was Plaintiffs' obligation to perform the full and fair investigation into the material components of Plaintiffs' ALE claim. ECF No. 9 at 5-6, ¶ 25.

Notably, Plaintiffs removed the allegation that "Defendant is an adjuster and is charged with the duties and responsibilities of an adjuster under Washington law" that was alleged in the original complaint. ECF No. 1 at 3, ¶ 14.

## DISCUSSION

**A.  Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988). A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The burden of demonstrating

1  that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**B. Whether Defendant is an "adjuster"**

As an initial matter, the parties dispute whether Defendant is an "adjuster" under Washington law as alleged in the amended complaint. ECF Nos. 11 at 10, 13 at 13-16.

Under Washington law, an "adjuster" is defined as "any person who either investigates and negotiates settlement relative to insurance claims, or applies the factual circumstances of an insurance claim to the insurance policy provisions, or

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 6

both, arising under property and casualty insurance contracts." RCW 48.17.010(1). In turn, a "person" is defined as "an individual or a business entity." RCW 48.17.010(12). Moreover, "[a] person may not act as or hold himself or herself out to be an adjuster in this state unless licensed by the commissioner or otherwise authorized to act as an adjuster under this chapter." RCW 48.17.060(2).

Here, Plaintiffs removed the allegation that "Defendant is an adjuster and is charged with the duties and responsibilities of an adjuster under Washington law" that was alleged in the original complaint. ECF No. 1 at 3, ¶ 14. Plaintiffs now assert that they "did not 'drop' any allegation that CRS acted as an adjuster under Washington law. The claims were presented differently and factually focused to comply with the Court's request. This does not prevent a later finding that CRS falls under the statutory definition of 'adjuster.'" ECF No. 13 at 5, n. 8. Plaintiffs do not allege that Defendant was hired to act as an adjuster nor do they allege that Defendant performed the tasks of an adjuster. Plaintiffs merely allege that Liberty Mutual hired Defendant to "assist" Plaintiffs with providing ALE benefits. ECF No. 9 at 3, ¶ 14. The Court finds that Plaintiffs' amended complaint lacks factual allegations that are sufficient to find that Defendant is an insurance adjuster under Washington law. RCW 48.17.010(1).

//

//

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 7

### C. Whether Defendant owed Plaintiffs any duty

Defendant asserts that it did not owe any duty to Plaintiffs outside of the duties set forth in the parties' contract. ECF No. 11 at 9. Plaintiffs did not plead breach of contract. ECF No. 9. Plaintiffs contend that Defendant owed them duties by statute and common law due to Defendant's status as an "adjuster." *See* ECF Nos. 9 at 7-9; 13 at 13-16.

Duties may be created by statute or common law. *Bernethy v. Walt Failor's, Inc.*, 97 Wash. 2d 929, 932 (1982). For duties under common law, courts "consider logic, common sense, justice, policy, and precedent, as applied to the facts of the case, when determining whether a defendant owes a duty in tort." *Certification from the United States Ct. of Appeals for the Ninth Cir. in Centurion Properties III, LLC v. Chicago Title Ins. Co.*, 186 Wash. 2d 58, 65 (2016) (internal citation omitted). "Whether an individual has a duty in the first instance is a question of law." *Kim v. Lakeside Adult Family Home*, 185 Wash. 2d 532, 548 (2016) (internal citation omitted).

As mentioned *supra*, Plaintiffs fail to allege that Defendant is an adjuster. Even if Defendant were pled as an adjuster, Plaintiffs cannot rely on RCW 48.01.030 to establish a statutory duty for their breach of duty of good faith nor a *per se* CPA claim because Defendant is not the insurer in this case. *See Keodalah v. Allstate Ins. Co.*, 194 Wash. 2d 339, 351-53 (2019) ("[J]ust as this court has

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 8

limited bad-faith tort claims to the context of the insurer-insured relationship, so has it limited CPA claims based on breach of the statutory duty of good faith."[1]); *Kosovan v. Omni Ins. Co.*, ---P.3d---, No. 54904-2-II, 2021 WL 4539640, at *5 (Wash. Ct. App. Oct. 5, 2021) (finding non-insurer third-party not liable where there is no privity of contract, no insurance provided, and no relationship of trust and underlying dependence similar to the insured-insurer relationship).

Moreover, based on the current allegations that fail to plead Defendant as an adjuster, the Court cannot say that "logic, common sense, justice, policy, and precedent" dictate that Defendant owes Plaintiffs duties under the common law. *Keodalah*, 194 Wash. 2d at 358. With mere legal conclusions that Defendant owed Plaintiffs duties outside of their contract, ECF No. 9, Plaintiffs fail to state a necessary element for claims of the violation of duty of good faith, negligent claims handling, and constructive fraud. Therefore, these claims must be dismissed.

//

//

---

[1] As pointed out by the dissent, the majority did not explicitly preclude common law bad faith claims against adjusters. *Keodalah*, 194 Wash. 2d at 356-358.

### D. Consumer Protection Act

Defendant asserts Plaintiffs have failed to state a claim for unfair and deceptive business practices on the grounds that Plaintiffs rely on conclusory statements, a breach of contract claim does not affect the public interest, and Defendant owed Plaintiffs no duty outside of the contract. ECF No. 11 at 12-13. Plaintiffs assert that their complaint plausibly states a claim for a violation of Washington's Consumer Protection Act ("CPA"). ECF No. 13 at 9-11.

The Washington Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 … may bring a civil action" to recover actual damages. RCW 19.86.090. To establish a non-*per se* CPA claim, the plaintiff need not have a contractual or non-adversarial relationship with the defendant. *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 41-42 (2009).

To prevail on a non-*per se* CPA claim, "the plaintiff must prove an (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Klem v Washington Mut. Bank*, 176 Wash. 2d 771, 782 (2013)

(quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986)).

   1. *Unfair or Deceptive Act or Practice*

Under the first element, the plaintiff can demonstrate a deceptive act if the "alleged act had the capacity to deceive a substantial portion of the public" even if there was no intent to deceive. *Merriman*, 198 Wash. App. 594, 628 (quoting *Hangman Ridge*, 105 Wash. 2d at 785). The plaintiff can demonstrate an unfair act if the act "(1) causes or is likely to cause substantial injury which (2) consumers cannot avoid, and (3) is not 'outweighed by countervailing benefits.'" *Id.* (quoting *Klem v. Wash. Mut. Bank*, 176 Wash. 2d 771, 787 (2013)). Whether an act constitutes an unfair or deceptive practice is a question of law. *Columbia Physical Therapy, Inc., P.S. v. Benton Franklin Orthopedic Assocs., P.L.L.C.*, 168 Wash. 2d 421 (2010).

Here, some of Plaintiffs' allegations amount to unfair or deceptive acts, including that Defendant "[s]uggested a 'travel trailer' be brought to the property and that this was the 'only option' that could keep the family together in their school district [and] [p]romised a winterized trailer but provided one from Arizona with no winterization." ECF No. 9 at 6, ¶ 25(k)-(l). These actions have the capacity to deceive a substantial portion of the public and/or is likely to cause substantial injury that Plaintiffs could not avoid without any clear countervailing

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 11

benefits. *Merriman*, 198 Wash. App. at 628. Therefore, the first element is satisfied.

### 2. Trade or Commerce

Under the second element, "trade" and "commerce" are defined to "include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). Here, Defendant was providing Plaintiffs services in the form of assisting with alternate housing in Washington pending the construction of their new home. ECF No. 9 at 3, ¶ 14, at 5-6, ¶ 25. Therefore, the second element is satisfied.

### 3. Public Interest

Under the third element, "[o]rdinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman Ridge*, 105 Wash. 2d at 790. However, a plaintiff can establish that the private "lawsuit would serve the public interest by showing a likelihood that other plaintiffs have been or will be injured in the same fashion." *Trujillo v. Nw. Tr. Servs.*, 183 Wash. 2d 820, 835 (2015) (internal citations omitted). To assess the public interest in a private dispute, courts are guided by "(1) whether the defendant committed the alleged acts in the course of his/her business, (2) whether the defendant advertised to the public in general, (3) whether the defendant actively solicited this particular plaintiff, and (4) whether the

plaintiff and defendant have unequal bargaining positions." *Id.* at 836. No one factor is dispositive. *Id.*

Here, Plaintiffs assert there is a public interest by statute – RCW 48.01.030. ECF No. 13 at 11; *see also Hangman Ridge*, 105 Wash. 2d at 791. However, as discussed *supra*, Defendant cannot be sued for a violation of RCW 48.01.030. *Keodalah*, 194 Wash. 2d at 350; *Kosovan*, 2021 WL 4539640, at *7. Nonetheless, Plaintiffs can establish public interest under the aforementioned factors in a private dispute; the allegations show the acts were committed within the course of Defendant's business and it appears based on the allegations that Plaintiffs and Defendant have unequal bargaining power. *Trujillo*, 183 Wash. 2d at 836. Therefore, the third element is satisfied.

    4.  *Injury and Causation*

Under the fourth and fifth elements, the plaintiff can establish injury and causation by showing "the deceptive act or practice proximately caused injury to the plaintiff's 'business or property.'" *Panag*, 166 Wash. 2d at 63-64. Plaintiffs allege Defendant's deprivation of adequate housing forced them to move frequently and eventually relocate to live with family California. ECF No. 9 at 4-6, ¶¶ 17, 25. Therefore, the fourth and fifth elements are satisfied.

Plaintiffs adequately state all the elements for a non-*per se* CPA claim. Therefore, dismissal of this claim is not warranted.

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 13

### E. Leave to Amend

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation and quotation marks omitted). However, a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, and futility of amendment." *Zucco Partners, LLC v. Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal citation and quotation marks omitted). Federal Rule of Civil Procedure 15(a) governs amendment of the pleadings prior to the court's filing of a pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

Here, Rule 15(a) applies where the Court has yet to file a pretrial scheduling order in this case. As this case is in its early stages, the Court finds that justice requires that Plaintiffs be able to freely amend their complaint. However, as stated *supra*, even if Plaintiffs amend to assert that Defendant is an adjuster, Plaintiffs cannot assert a breach of the statutory duty of good faith nor a *per se* CPA claim. Therefore, any amendment in that respect is futile.

//

//

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED in part**.

2. Plaintiffs are granted leave to **AMEND** their complaint **within 21 days** of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 26, 2021.



THOMAS O. RICE
United States District Judge