UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JC PICKETT, a minor child, KV PICKETT, a minor child, ANESSA PICKETT, an individual, IAN PICKETT and KHALIA PICKETT, husband and wife, both individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPORARY HOUSING, INC., d/b/a CRS TEMPORARY HOUSING,<br><br>Defendant. | NO. 2:21-CV-0174-TOR<br><br>ORDER DENYING DEFENDANT'S THIRD MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Third Motion to Dismiss (ECF No. 21). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Third Motion to Dismiss (ECF No. 21) is denied.

ORDER DENYING DEFENDANT'S THIRD MOTION TO DISMISS ~ 1

## BACKGROUND

This case concerns an insurance dispute that arose after a fire destroyed Plaintiffs' home. *See* ECF No. 17. On May 21, 2021, Plaintiffs filed a complaint against Defendant. ECF No. 1. On August 3, 2021, the Court granted Defendant's motion to dismiss Plaintiffs' constructive fraud claim and granted Plaintiffs leave to amend their complaint within 21 days. ECF No. 8.

On October 26, 2021, the Court granted in part Defendant's second motion to dismiss Plaintiffs' amended complaint, ECF No. 9, finding that Plaintiff failed to allege sufficient factual matter to find Defendant is an insurance adjuster under Washington law and failed to allege sufficient factual matter to find Defendant owed Plaintiffs a tort duty, but finding Plaintiffs sufficiently alleged a non-*per se* Washington Consumer Protection Act ("CPA") claim. *See* ECF No. 16. The Court granted Plaintiffs leave to amend, but barred amendment for claims for breach of the statutory duty of good faith and a *per se* CPA violation. *See id.*

On November 16, 2021, Plaintiffs filed a second amended complaint. ECF No. 17. Plaintiffs assert the following causes of action: (1) violation of the common law duty of good faith, (2) negligent claim handling, (3) non-*per se* violation of the CPA, (4) CPA injunction, and (5) constructive fraud. ECF No. 17 at 7-11, ¶¶ 29-58.

On November 30, 2021, Defendant filed the present motion to dismiss Plaintiffs' second amended complaint. ECF No. 18. On December 1, 2021, Defendant filed a corrected motion. ECF No. 21. The parties filed their respective response and reply. ECF Nos. 22-26.

### FACTS

The following facts are drawn from Plaintiffs' second amended complaint and are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

On August 11, 2018, Plaintiffs lost their insured home to a fire in Kettle Falls, Washington. ECF No. 17 at 3, ¶¶ 8-10. Plaintiffs paid insurance premiums to receive coverage for their home and personal property through a policy issued by third-party Liberty Mutual Insurance Company. ECF No. 17 at 3, ¶ 9. The policy included the benefit of additional living expenses ("ALE") following a covered loss. ECF No. 17 at 3, ¶ 11.

Liberty Mutual hired Defendant to "assist" Plaintiffs with providing ALE benefits. ECF No. 17 at 3, ¶ 14. Liberty Mutual incentivizes Defendant to pay as little as possible on ALE claims to maintain and support the business and income Defendant receives from Liberty Mutual. ECF No. 17 at 5, ¶ 23. Defendant did not disclose the details of its business relationship or financial interest with Plaintiffs. ECF No. 17 at 5, ¶ 24. Defendant was motivated by its own financial

interest to keep payment of ALE benefits as low as possible to the detriment of Plaintiffs. ECF No. 17 at 5, ¶ 25.

Liberty Mutual paid for Plaintiffs to stay in various hotels and a trailer for a short period of time, neither of which provided the standard of living Plaintiffs were promised. ECF No. 17 at 4, ¶ 16. Liberty Mutual terminated Plaintiffs' ALE benefits after twelve months despite there being no ALE coverage limit and a policy that provided a period of repair, restoration, or permanent relocation. ECF No. 17 at 4, ¶ 17. Plaintiffs had to relocate out of Washington State to live with family. ECF No. 17 at 4, ¶ 18.

During the year following Plaintiffs' loss, Defendant (1) failed to explain to Plaintiffs their ALE rights and benefits under the policy, (2) did not tell Plaintiffs that their ALE coverage permitted them to purchase a home to live in during the course of repairs given the limited rental market in the area, (3) failed to perform a full or fair investigation into Plaintiffs' standard of living, and (4) failed to perform a full and fair investigation into all alternative housing options available to maintain Plaintiffs' standard of living in their geographical location. ECF No. 17 at 4, ¶¶ 19-22.

During the year following Plaintiffs' loss, Defendant negligently or intentionally failed to explain or provide a full measure of the ALE benefits covered under the policy, including that Defendant (1) failed to inform Plaintiffs of

their rights and benefits under the policy, (2) never investigated the needs of the Plaintiff children, (3) never treated the Plaintiff children as insureds, (4) never familiarized itself with the available temporary housing options in the vicinity of Plaintiffs' home, (5) never sent anyone to meet with Plaintiffs, (6) failed to explore the purchase of a temporary home, (7) failed to schedule motel stays for more than a week which necessitated multiple moves for the family, (8) never responded appropriately to Plaintiffs' expressions of distress when forced to live in unsatisfactory conditions, (9) shamed Plaintiffs into believing they were not entitled to a standard of living comparable to that which existed pre-loss, (10) suggested a "travel trailer" be brought to the property and that this was the "only option" that could keep the family together in their school district, (11) promised a winterized trailer but provided one from Arizona that was too small and not winterized, and (12) contended that it was Plaintiffs' obligation to perform the full and fair investigation into the material components of Plaintiffs' ALE claim. ECF No. 17 at 5-6, ¶ 26.

Plaintiffs allege Defendant is an insurance adjuster where Defendant performed adjusting activities because it either investigated and negotiated settlement relative to insurance claims or applied the factual circumstances of an insurance claim to the insurance policy provisions. ECF No. 17 at 6-7, ¶ 25(m)-(o). Specifically, Defendant performed claims-handling functions on behalf of

Liberty Mutual related to the ALE benefits portion of the insurance policy, including communicating with Plaintiffs, investigating facts related to the ALE benefits, coordinating the ALE benefits, and processing the ALE benefits. ECF No. 17 at 3-4, ¶ 15. These functions are traditionally fulfilled by insurance adjusters, but Liberty Mutual outsourced them to Defendant. *Id.*

## DISCUSSION

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must

1  provide "more than labels and conclusions, and a formulaic recitation of the

2  elements." *Twombly*, 550 U.S. at 555.  When deciding, the Court's review is

3  limited to the complaint, documents incorporated into the complaint by reference,

4  and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d

5  1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

6  U.S. 308, 322 (2007)).

   **B.  Whether Defendant is an "adjuster"**

   Defendant moves to dismiss Plaintiffs' tort claims on the grounds that Defendant cannot be an "adjuster" due to Defendant's contract with Liberty Mutual.  ECF No. 21 at 11-13.

   Defendant requests the Court take judicial notice of its' contract with third-party Liberty Mutual.  ECF No. 21 at 12.  Plaintiffs do not oppose the Court's consideration of the contract and assert that provisions in the contract actually support Defendant's status as an adjuster. ECF No. 24 at 5.  Rather than taking judicial notice under Federal Rule of Evidence 201, the Court will consider the contract incorporated where it is referenced in the complaint to form a basis for Plaintiffs' claims.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1002 (9th Cir. 2018).

   Defendant asserts that its contract with Liberty Mutual forbids Defendant from engaging in activities that would qualify it as an adjuster.  ECF No. 21 at 12

1  (citing ECF No. 20 at 16, ¶ 3.1).  Contrary to Defendant's argument, the contract
2  that purportedly forbids adjuster activities is not definitive proof that such activities
3  did not occur.  At this time, the Court cannot decide the ultimate success of
4  Plaintiff's claim that Defendant is an adjuster where it rests on a factual inquiry
5  more appropriate for summary judgment.  *Khoja*, 899 F.3d at 1003 ("[I]nferences
6  a court may draw from an incorporated document should also be approached with
7  caution" because it is "improper to assume the truth of an incorporated document if
8  such assumptions only serve to dispute facts stated in a well-pleaded complaint.
9  This admonition is, of course, consistent with the prohibition against resolving
10 factual disputes at the pleading stage.").

   Plaintiffs' allegations plausibly support a finding that Defendant is an
12 adjuster at this stage of the proceedings.  Plaintiffs contend Defendant is an
13 insurance adjuster where Defendant performed adjusting activities because it either
14 investigated and negotiated settlement relative to insurance claims or applied the
15 factual circumstances of an insurance claim to the insurance policy provisions.
16 ECF No. 17 at 6-7, ¶ 25(m)-(o).  Specifically, Defendant performed claims-
17 handling functions on behalf of Liberty Mutual related to the ALE benefits portion
18 of the insurance policy, including communicating with Plaintiffs, investigating
19 facts related to the ALE benefits, coordinating the ALE benefits, and processing
20 the ALE benefits.  ECF No. 17 at 3-4, ¶ 15.  The Court finds that Plaintiffs' second

amended complaint sets forth plausible factual allegations to find that Defendant is an insurance adjuster under Washington law. Therefore, dismissal of Plaintiffs' tort claims on this basis is not appropriate.

**C. Constructive Fraud**

Defendant moves again to dismiss Plaintiffs' constructive fraud claim on the grounds it fails to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). ECF No. 21 at 10-11.

In the first order, the Court found Plaintiffs had not identified the "who, what, when, where, how, and why of the misconduct" to meet the heightened specificity required of Rule 9(b). ECF No. 8. In particular, the Court found Plaintiffs failed to allege Defendant had an improper motive. *Id.* at 9. In the second order, the Court found there were insufficient allegations that Defendant owed Plaintiffs any duties to support a constructive fraud claim where Plaintiffs removed factual allegations that Defendant acted as an insurance adjuster. ECF No. 16 at 9. The Court did not address the other elements of the claim. *Id.*

Plaintiffs' allegations in the second amended complaint state the who, what, when, where, and how of the misconduct as well as why the misconduct is false or misleading. *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotation marks and citation omitted). Specifically, Plaintiffs allege that during the one year following the loss of their home in August 2018 in

Kettle Falls, Washington, Defendants and its representatives failed to explain to Plaintiffs their ALE rights and benefits under the policy, did not tell Plaintiffs' their ALE coverage permitted them to purchase a home to live in during the course of repairs given the limited rental market in the area, failed to perform a full or fair investigation of Plaintiffs' standard of living, failed to perform a full and fair investigation into all alternative housing options available. ECF No. 17 at ¶¶ 2-3, 8, 19-22, 26, 54. Plaintiffs allege Defendant's actions were motivated by an agreement with Liberty Mutual "that incentives Defendant to pay as little as possible on ALE claims to maintain and support the business and income Defendant receives from Liberty Mutual claims …. Defendant was motivated by its own financial interest to keep payment of ALE benefits low … Defendant was improperly motivated by its own financial interests to keep payment of ALE benefits low in order to maintain its business relationship with Liberty Mutual and the stream of income from working with Liberty Mutual insureds like the Picketts." *Id.* at ¶¶ 2, 24, 55.

Here, the Court finds these factual allegations sufficient to satisfy the heightened pleading standard under Rule 9(b) to support a claim for constructive fraud. Therefore, Defendant's motion to dismiss Plaintiffs' constructive fraud claim is denied.

//

**D. Tort Duty**

Defendant move to dismiss Plaintiff's claims for violation of the common law duty of good faith and negligent handling on the grounds that Plaintiffs fail to articulate a cognizable legal duty owed to Plaintiffs. ECF No. 21 at 13-15.

As the Court previously found, an adjuster's duties are limited where Plaintiffs cannot rely on RCW 48.01.030 to establish a statutory duty for a breach of the duty of good faith claim nor a *per se* CPA claim. ECF No. 16 at 8. However, the Court did not preclude adjuster duties at common law. ECF No. 16 at 8. Here, the parties continue to debate the existence and scope of an adjuster's duty. *See* ECF Nos. 21 at 14-15; 24 at 17-19. Consistent with the prior order, ECF No. 16, the Court finds where Plaintiffs allege Defendant is an adjuster, Plaintiffs' claims that an adjuster has common law duty is not categorically barred under current Washington law. This is consistent with other Washington decisions post-*Keodalah*. *See R.N. v. Kiwanis Int'l*, 496 P.3d 748, 762 (Wash. Ct. App. 2021) ("Because our Supreme Court's decision in that case was based solely on an issue of statutory construction and not on whether the adjuster could be individually liable in tort, this case also does not control."); *see also Fiorto v. Bankers Standard Ins. Co.*, No. C19-1760-JCC, 2020 WL 4333779, at *3 (W.D. Wash. July 28, 2020); *Madsen v. Allstate Fire & Cas. Ins. Co.*, No. C20-5151 BHS-TLF, 2020

WL 10088718, at * 4 (W.D. Wash. Apr. 30, 2020).  Therefore, dismissal of the breach of the common law duty of good faith and negligence is not appropriate.

**E.  Consumer Protection Act**

Defendant moves to dismiss Plaintiffs' CPA claim on the grounds that Plaintiff fail to adequately allege any damages arising from an injury to their business or property.  ECF No. 21 at 15-18.

In the previous order, the Court found Plaintiffs adequately stated a claim for a non-*per se* CPA violation, including Plaintiffs' allegations that Defendant deprived Plaintiffs of adequate housing satisfied the injury and causation elements of the claim.  ECF No. 16 at 13.  In the second amended complaint, Plaintiff makes the same allegations.  ECF No. 17 at 4-6, ¶¶ 18, 26.  Despite the Court's prior determination, Defendant now argues that no injury occurred to Plaintiffs' property to support a CPA claim.  ECF No. 21 at 15-16.  The Court already found to the contrary, ECF No. 16 at 13, and declines to revisit its determination.  In any event, Defendant's argument that any qualifying CPA injury was caused by Liberty Mutual rather than Defendant creates a factual issue best suited for summary judgment or trial.  Therefore, Defendant's motion to dismiss Plaintiffs' CPA claim is denied.

//

//

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2    Defendant's Third Motion to Dismiss (ECF No. 21) is **DENIED**.

3    The District Court Executive is directed to enter this Order and furnish

4    copies to counsel.

5    DATED January 12, 2022.



THOMAS O. RICE
United States District Judge