UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JC PICKETT, a minor child, KV PICKETT, a minor child, ANESSA PICKETT, an individual, IAN PICKETT and KHALIA PICKETT, husband and wife, both individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPORARY HOUSING, INC., d/b/a CRS TEMPORARY HOUSING,<br><br>Defendant. | NO. 2:21-CV-0174-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER |

BEFORE THE COURT are Defendant's Motion for Protective Order (ECF No. 51), Plaintiffs' Motion for Reconsideration (ECF No. 57), Plaintiffs' Sealed Motion (ECF No. 62), Plaintiffs' Motion to Compel Discovery and Motion for Attorney Fees and Sanctions (ECF No. 63), and Defendant's Motion for Leave to File Surreply (ECF No. 73). These matters were submitted for consideration

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER ~ 1

without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion for Protective Order (ECF No. 51) is **granted in part** and **denied in part**, Plaintiffs' Motion for Reconsideration (ECF No. 57) is **denied**, Plaintiffs' Sealed Motion (ECF No. 52) is **granted in part** and **denied in part**, Plaintiffs' Motion to Compel Discovery and Motion for Attorney Fees and Sanctions (ECF No. 63) is **granted in part and denied in part**, and Defendant's Motion for Leave to File Surreply (ECF No. 73) is **granted**.

## DISCUSSION

### I.     Motion for Reconsideration

Motions for reconsideration are generally disfavored. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

Plaintiffs seek reconsideration based on the Rule 30(b)(6) testimony that the Defendant is an independent contractor. The Court ordered the production of the

1  settlement agreement in the companion case because "[a]gency and contribution
2  are likely issues in this case where the parties disagree about the nature of the
3  relationship between Liberty Mutual and Defendant."  ECF No. 53.  Defendant's
4  corporate designee's testimony that Defendant is an independent contractor is not
5  necessarily conclusive as to whether RCW 4.22.070(1)(a) will apply in this case.
6  That Plaintiffs disagree with the nature of the relationship is a legal argument that
7  does not render the settlement agreement undiscoverable under Rule 26.
8  Therefore, Plaintiffs' motion for reconsideration is denied.

9        **II.     Motions to Compel and for Protective Order**

10       Defendant's Motion for Protective Order and Plaintiffs' Motion to Compel
11  Discovery center on the scope of permissible topics for the ongoing Rule 30(b)(6)
12  deposition of Defendant's corporate designee.  ECF Nos. 51, 62.

13       A party may seek discovery "regarding any nonprivileged matter that is
14  relevant to any party's claim or defense and proportional to the needs of the case."
15  Fed. R. Civ. P. 26(b)(1).  Information is relevant if it is "reasonably calculated to
16  lead to the discovery of admissible evidence."  *Surfvivor Media, Inc. v. Survivor*
17  *Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted).

18       A party may move for an order compelling discovery with a certification
19  that the party conferred or attempted to confer in good faith with the party failing
20  to provide discovery without court action.  Fed. R. Civ. P. 37(a)(1).  Courts have

broad discretion in determining whether information is relevant. *Id.* If the motion is granted in part and denied in part, the Court may, but is not required, to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, Defendant certifies the parties conferred or attempted to confer on the topics and were unable to come to a resolution. ECF No. 51 at 2.

Additionally, "any person from whom discovery is sought may move for a protective order in the court where the action is pending …. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

A party may question a corporation's designee provided that the notice describes "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." *Id.* "Before or promptly after the notice or subpoena is served, the serving party and organization must confer in good faith about the matters for examination." *Id.* The purpose of Rule 30(b)(6) is to streamline the discovery process. *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008).

//

//

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER ~ 4

**A. Motion for Protective Order**

Here, Defendant seeks to quash or limit the Rule 30(b)(6) deposition notice on the following topics:

*1. Topics 21–30*

Defendant objects to Topics 21–30 on the grounds they are unreasonably cumulative and duplicative where identical requests and documents were produced by Defendant as a non-party in the *Liberty Mutual* case. ECF No. 51 at 5. Plaintiffs assert that "[i]t is hardly cumulative or duplicative to require CRS to produce a witness who can testify both to the completeness of the search for documents and to the topics on which the documents are premised." ECF No. 59 at 8.

Plaintiff subpoenaed the same information from Defendant in the *Liberty Mutual* case. *See* ECF No. 52 at 26–27. Therefore, the Court grants a protective order as to Topics 21–30 on the grounds they are unreasonably duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

*2. Topics 6, 19, 21, 25–28*

Defendant objects to Topics 6, 19, 21, and 25–28 on the grounds they are overbroad and lack reasonable particularity where they seek materials that are not limited to time nor place. ECF No. 51 at 5–7. Plaintiffs assert Defendant's overbreadth objection is conclusory and that the corporate designee never searched

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO
COMPEL AND FOR PROTECTIVE ORDER ~ 5

for the documents. ECF No. 59 at 8–9. Because the Court already granted a protective order as to Topics 21 and 25–28, the Court only addresses Topics 6 and 19.

Topic 6 seeks "[a]ll manuals, guidelines, standards, policies, protocols, and/or procedures for the prompt investigation and handling of first party alternative living expense insurance claims." ECF No. 52 at 18, ¶ 6. Topic 19 seeks "[a]ll documents regarding bonuses, compensation, incentives, or other incentives given or paid to employees working on alternative living expense claims." *Id.* at 20, ¶ 19.

While these topics appear calculated to lead to the discovery of admissible evidence, the Court agrees the topics are overbroad and not proportional to the needs of the case when the topics are not limited by time or scope. Fed. R. Civ. P. 26(b)(2)(C)(iii). As a result, the Court limits Topics 6 and 19 to documents that apply to Plaintiffs' claims.

3. *Topics 10, 14*

Defendant objects to Topics 10 and 14 on the grounds they are irrelevant and unduly burdensome where they seek information related to Defendant's alleged duties under Washington's insurance law. ECF No. 51 at 7–10. Plaintiffs assert, among other arguments, that the topics are highly relevant to the claims under Washington's Consumer Protection Act, bad faith, and constructive fraud

regardless of the parties dispute over whether Defendant is an "adjuster" under Washington law.  ECF No. 59 at 9–11.

Topic 10 seeks "[a]ll duties owed by you to the insured in first party alternative living expense claims including, but not limited to, the obligation of your representatives to comply with WAC Regulations and/or any other industry standards in first party claims."  ECF No. 52 at 19, ¶ 10.  Topic 14 seeks "[a]ll training materials given or available to your employees relating to the conduct of good faith investigations and complying with the standards set forth at WAC 284-30-310 to -380."  *Id.* at 20, ¶ 14.

The Court declines to revisit the parties' ongoing dispute as to whether Defendant is an "adjuster" at this stage of litigation.  Defendant either has information responsive to these topics, or it does not.  The Court declines Defendant's request for a protective order as to Topics 10 and 14.

**B.  Motion to Compel**

Plaintiffs move to compel Defendant to produce a corporate designee to testify on all topics.  *See* ECF No. 62.  Plaintiffs complain that the corporate designee is a "relatively low-level employee" who was incapable of testifying "in whole or in part on 25 of 34 topics."  ECF No. 62 at 3.  Defendant contends that Plaintiff sought information that were not noticed for the first deposition.  ECF No. 70 at 8.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER ~ 7

The parties agree that the Rule 30(b)(6) deposition is ongoing.  ECF No. 70 at 3.  The Court finds that an order compelling testimony on certain topics or a new corporate designee is premature where the Rule 30(b)(6) deposition is incomplete and there are outstanding inquiries, including those noted in the second Rule 30(b)(6) notice and the topics the Court addressed *supra*.  The motion to compel is granted to the extent the corporate designee will testify on the topics that are not limited under the protective order.  Plaintiffs' request for fees and sanctions is denied.

### III.    Motion to File Surreply

For good cause shown, Defendants' motion to file surreply is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order (ECF No. 51) is **granted in part** and **denied in part**.

2. Plaintiffs' Motion for Reconsideration (ECF No. 57) is **denied**.

3. Plaintiffs' Sealed Motion (ECF No. 62) is **granted in part** and **denied in part**.

4. Plaintiffs' Motion to Compel Discovery and Motion for Attorney Fees and Sanctions (ECF No. 63) is **granted in part** and **denied in part**.

5. Defendant's Motion for Leave to File Surreply (ECF No. 73) is **granted**.

6. The ongoing Rule 30(b)(6) deposition shall be conducted in accordance with the topic limitations contained in this Order at a time mutually agreed upon by the parties.

7. Each party to bear their own costs and fees.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER ~ 9